John P. Kristensen (SBN 224132)
**KRISTENSEN LLP**
12450 Beatrice Street, Suite 200
Los Angeles, California 90066
Telephone: (310) 507-7924
Facsimile: (310) 507-7906
*john@kristensenlaw.com*

Todd M. Friedman (SBN 216752)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21550 Oxnard Street, Suite 780
Woodland Hills, California 91367
Telephone: (877) 619-8966
Facsimile: (866) 633-0028
*tfriedman@toddflaw.com*

*Attorneys for Plaintiffs and all others similarly situated*

Christopher W. Wood (SBN 193955)
**DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**
20 Bicentennial Circle
Sacramento, California 95826
Telephone: (916) 379-3500
Facsimile: (916) 379-3599
*cwood@dbbwc.com*

# THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| PAUL GUZMAN and JEREMY ALBRIGHT, individually on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>POLARIS INDUSTRIES INC., a Delaware corporation; POLARIS SALES INC., a Minnesota corporation; POLARIS INDUSTRIES INC., a Minnesota corporation; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.: 8:19-cv-01543-JLS-KES<br><br>**CLASS ACTION**<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conference<br>Date:        February 7, 2020<br>Time:        10:30 a.m.<br>Courtroom:   10-A |

The parties respectfully submit this Joint Rule 26(f) Report, following the parties' conference and in advance of the Scheduling Conference set for Friday, February 7, 2020, at 10:30 a.m. in Courtroom 10-A of the United States District Court, Southern Division, located at 411 West Fourth Street, Santa Ana, California 92701-4516.

## STATEMENT OF THE CASE

### (A) Plaintiffs' Statement:

This is a class action brought on behalf of plaintiffs PAUL GUZMAN and JEREMY ALBRIGHT (collectively, "Plaintiffs") and other California residents who are similarly situated, who purchased Polaris Utility Terrain Vehicles ("UTV") (they are also called side by sides). The claim is rather straight forward. The pictures below depict Polaris UTVS:




The bars above and around the frame are called ROPS, for Roll Over Protection System. About ten years ago, to stave off regulations from the United States Consumer Product Safety Commission ("CPSC"), Polaris adopted "voluntarily" testing for the roof strength of the ROPS. Polaris adopted a test promulgated in the early 1970s for farm tractors, codified as 29 C.F.R. § 1928.53. Those tractors had about 30 horsepower and weighed approximately 3,000 pounds. The test applies a either the greater of the gross vehicle weight or 110 pounds times the horsepower to the top of the ROPS system. This is in the definition of tractor weight directly from the statute. Tractor weight is defined pursuant to 29 C.F.R. §§ 1928.51(a)(4) as:

"Tractor weight" includes the protective frame or enclosure, all fuels, and other components required for normal use of the tractor. Ballast shall be added as necessary to achieve **a minimum total weight** of 110 lb. (50.0 kg.) per maximum power take-off horse power at the rated engine speed or the maximum, gross vehicle weight specified by the manufacturer, **whichever is the greatest**. From end weight shall be at least 25 percent of the tractor test weight. **In case power take-off horsepower is not available, 95 percent of net engine flywheel horsepower shall be used**.

If there is too much deflection when the "Tractor Weight" is applied to the ROPS (the bars bend down), then it fails.

Unlike farm tractors, the Polaris UTVS have more horsepower. Not just a bit more than the heavier tractors. They have a lot more horsepower. Some have well over 150 horsepower.

Instead of testing the vehicles with 110 pounds multiplied by the horsepower, Polaris always uses the gross vehicle weight of around 2-2,500 pounds. 150 horsepower multiplied by 110 pounds is 16,500. In essence, Polaris is never using the accurate Tractor weight to test the ROPS system. Yet, it advertises and tells everyone it meets the standard to entice them to purchase their vehicles.

**(B)  Defendants' Statement:**

Defendants Polaris Industries Inc., Polaris Sales Inc., and Polaris Inc. (f/k/a Polaris Industries Inc.) (collectively, "Polaris") deny the material allegations of plaintiffs' First Amended Complaint, and specifically deny plaintiffs' claims of fraud or misrepresentations regarding the rollover protection system ("ROPS") on the putative Class Vehicles at issue in the First Amended Complaint.  The ROPS on the Class Vehicles comply with regulatory standards including those set by the Recreational Off-Highway Vehicle Association ("ROHVA"), an industry organization comprised of off-road vehicle manufacturers including Polaris. Polaris utilizes an accredited third party testing organization that conducts the ROPS performance test set forth in 29 C.F.R. §1928.53 and certifies that the

ROPS meets those requirement. This independent entity performs the OSHA ROPS testing using the gross vehicle weight rating, which is the maximum amount the vehicle is ever recommended to weigh. Polaris labels its ROPS structures with stickers stating that they meet the performance requirements of 29 C.F.R. §1928.53 based on this third-party testing and certification, and that label expressly discloses the gross vehicle weight rating used during the testing. This practice is consistent with other off-road vehicle manufacturers who also use gross vehicle weight rating for the OSHA ROPS performance testing and disclose the weight used in the testing on a label affixed to the vehicle. Given Polaris' truthful, accurate, and clear disclosure of how it certifies the ROPS, no consumer could possibly be misled or deceived to believe otherwise.

Plaintiffs' theory of liability rests on an incorrect application of 29 C.F.R. 1928.53 to off-road vehicles like the putative Class Vehicles. Plaintiffs allege that Polaris must test the ROPS on all vehicles with a weight calculated as 95 percent of vehicle horsepower multiplied by 110 lbs. rather than the gross vehicle weight rating. But the 110 lbs. per horsepower ratio contained in the OSHA regulation is designed for large agricultural tractors, not off-road vehicles, and when applied to off-road vehicles like the putative Class Vehicles, leads to facially absurd results. As just one example, which is set forth in the First Amended Complaint, plaintiffs allege Polaris should perform the ROPS performance test on a 2019 RZR XP 4 Turbo with a calculated weight of 17,490 lbs.—more than six times the maximum recommended weight for the vehicle of 2,750 lbs.

As to plaintiffs' class allegations, class adjudication is improper because the requirements of Rule 23 cannot be satisfied.

**PRINCIPAL ISSUES**

(A) **Plaintiffs' Statement:**

The main issue is that Polaris fails to test the ROPS of any of its UTVs with the proper tractor weight, but sold each one in California with the express promise

that they met the 29 C.F.R. § 1928.53 standard.

**(B)    Defendants' Statement:**

The principal legal issue is given Polaris' truthful disclosure regarding the weight used to test its vehicles, could plaintiffs or any putative class member be deceived by Polaris' alleged conduct?

### DAMAGES

**(A)    Plaintiffs' Statement:**

Plaintiffs and the class members spent tens of thousands for the vehicles and the ROPS safety feature that was not as advertised. They are entitled to damages, which is at worst available on a class basis via the benefit of the bargain. Plaintiffs believe that each Class Vehicle will require retrofitting in order to comply with OSHA regulations which will cost thousands of dollars per Class Vehicle. Defendants have yet to disclose how many Class Vehicles are in the Class, therefore Plaintiffs are unable to calculate damages at this time.

**(B)    Defendants' Statement:**

Plaintiffs are not entitled to any damages under the law and facts, nor will they be able to prove any reasonable amount of damages. Additionally, plaintiffs' statement on damages does not comply with the Court's December 3, 2019 Order (ECF No. 28), which requires plaintiffs to provide in this Report "the realistic range of provable damages." (*Id.* at 1(c).)

### INSURANCE

**(A)    Plaintiffs' Statement:**

Plaintiff does not have insurance as it pertains to this matter.

**(B)    Defendants' Statement:**

Polaris has a Commercial Umbrella Liability policy with Ironshore Specialty Insurance Company.

/ / /

/ / /

**LIKELY LAW AND MOTION**

**(A) Plaintiffs' Statement:**

Plaintiff will be filing a Motion for Class Certification and afterwards a Motion for Summary Judgment. Plaintiff's disagree with Defendant's Proposal that class certification, summary judgment and ruling on experts challenges occur at the same time. Plaintiff will be able to get their class certification motion filed by June at the latest.

**(B) Defendants' Statement:**

Polaris filed a motion to dismiss the First Amended Complaint on November 25, 2019. To the extent any portion of Plaintiffs' First Amended Complaint (or subsequent permitted pleading) survives a motion to dismiss, Polaris anticipates moving for summary judgment on plaintiffs' claims at the conclusion of discovery.

**COMPLEXITY**

This is a straightforward case that will likely not require the procedures contained within the Manual for Complex Litigation.

**STATUS OF DISCOVERY**

**(A) Plaintiffs' Statement:**

Other than some informal exchange of limited information, discovery has not taken place yet in this case. Plaintiffs' counsel has extensive litigation experience with Polaris in catastrophic product liability cases. The protective orders in those cases do not apply to this matter. However, a sharing provision will substantially expedite the discovery necessary in this case.

**(B) Defendants' Statement:**

The parties have not made initial disclosures nor engaged in any discovery to date, and Polaris believes the parties should not exchange initial disclosures or engage in discovery in light of Polaris' pending motion to dismiss, which Polaris believes should fully resolve plaintiffs' claims. Polaris disputes that a sharing

provision is necessary or would advance discovery in this case.

**DISCOVERY PLAN**

The parties are to proceed with discovery pursuant to the Federal Rules of Civil Procedure. The parties met and conferred but were unable to agree to a proposed schedule.

**PLAINTIFFS' PROPOSED CUT OFF DATES & TRIAL DATE**

Trial Date

Monday, March 1, 2021

Final Pretrial Conference

Friday, February 29, 2021

Deadline for Motion for Class Certification

Friday, June 26, 2020

Motion Cut Off Date

Friday, December 25, 2020

Fact and Expert Discovery Cut Off Date

Friday, December 11, 2020

**POLARIS' PROPOSED CUT OFF DATES & TRIAL DATE**

Consistent with the Court's direction to conduct merits discovery at the same time as class discovery, Polaris proposes that dispositive motions be filed at the same time as plaintiffs' motion for class certification. Polaris proposes the following schedule with the case being ready for trial on **March 1, 2021**.

**Last Day to File Motions to Add Parties and Amend Pleadings:** March 7, 2020

**Fact Discovery Cut-Off:** August 7, 2020

**Last Day for Plaintiffs to Disclose Expert Reports:** August 21, 2020

**Last Day for Polaris to Disclose Expert Reports:** September 30, 2020

**Expert Discovery Cut-Off:** November 1, 2020

///

**Last Day to File Motion for Class Certification:** November 15, 2020. Oppositions due January 8, 2021, replies due January 22, 2021.

**Last Day to File Dispositive Motions:** November 15, 2020. Oppositions due January 8, 2021, replies due January 22, 2021.

**Last Day To File *Daubert* Motions:** November 15, 2020. Oppositions due January 8, 2021, replies due January 22, 2021.

**Last Day To File Motions *In Limine* (Other Than *Daubert* Motions):** February 4, 2021. Oppositions due February 18, 2021, replies due February 25, 2021.

**Last Day To Conduct Settlement Proceedings:** December 23, 2020

**Final Pretrial Conference:** Friday, February 26, 2021 at 10:30 a.m.

**Trial:** March 1, 2021

## ALTERNATIVE DISPUTE RESOLUTION

The parties select ADR Procedure No. 3 (private mediation).

## SETTLEMENT EFFORTS

No formal settlement communications or discussions have taken place at this time between the parties. The parties anticipate that such discussions may take place, along with mediation, after the parties proceed with discovery in this case.

## PRELIMINARY TRIAL ESTIMATE

The parties estimate a seven (7) day timed jury trial, and estimate at this time, before discovery takes place, that a total of 10-15 witnesses will be called by the parties. This number may change depending on what discovery reveals.

## TRIAL COUNSEL

**(A)     Plaintiffs' Statement:**

John P. Kristensen of Kristensen LLP, is trial counsel on behalf of Plaintiff. Christopher W. Wood of Dreyer Babich Buccola Wood Campora and Todd M. Friedman will be co-counsel.

**(B)  Defendants' Statement:**

Richard C. Godfrey, P.C., Andrew B. Bloomer, P.C., Wendy L. Bloom, Paul Collier, R. Allan Pixton, and David Klein of Kirkland & Ellis LLP are trial counsel on behalf of Polaris.

## INDEPENDENT EXPERT OR MASTER

The parties do not believe that an independent expert or master is required in this case at this time.

## OTHER ISSUES

The parties do not believe that there are other issues affecting the status or management of this case at this time.

Dated: January 24, 2020                     Respectfully submitted,

By: */s/ John P. Kristensen*
John P. Kristensen (SBN 224132)
**KRISTENSEN LLP**

Todd M. Friedman, Esq. (SBN 216752)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C**.

Christopher W. Wood (SBN 193955)
**DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**

*Attorneys for Plaintiffs and all other similarly situated*

Dated: January 24, 2020                     Respectfully submitted,

By: */s/ R. Allan Pixton (with permission)*
R. Allan Pixton (*Pro Hac Vice*)
Andrew Bloomer, P.C. (*Pro Hac Vice*)
Paul Collier, P.C. (*Pro Hac Vice*)
David A. Klein (SBN 273925)
**KIRKLAND & ELLIS LLP**

*Attorneys for Defendants*

**LOCAL RULE 5-4.3.4**

The undersigned attests that all other signatories listed above on whose behalf this filing is submitted concur in the filing's content and have authorized the filing.

*/s/ John P. Kristensen*

# EXHIBIT A
# PROPOSED SCHEDULE OF PRETRIAL AND TRIAL DATES

**CASE NAME:** Guzman v. Polaris, et al.

**CASE NO:** 8:19-cv-01543-JLS-KES

| Matter | Deadline | Plaintiff(s) Request | Defendant(s) Request |
|---|---|---|---|
| Last Day to File Motions to Add Parties and Amend Pleadings | Scheduling Conference Date plus 60 days | March 7, 2020 | March 7, 2020 |
| Fact Discovery Cut-Off | 18 weeks before the Final Pretrial Conference ("FPTC") | December 11, 2020 | August 7, 2020 |
| Last Day to Serve Initial Expert Reports | 16 weeks before the FPTC | August 21, 2020 | August 21, 2020 |
| Last Day to File Motions (except *Daubert* and all other Motions in Limine) | 16 weeks before the FPTC | December 25, 2020 | November 15, 2020. |
| Last Day to Serve Rebuttal Expert Reports | 12 weeks before the FPTC | November 11, 2020 | September 30, 2020 |
| Last Day to Conduct Settlement Proceedings | 9 weeks before the FPTC | December 4, 2020 | December 23, 2020 |
| Expert Discovery Cut-Off | 8 weeks before the FPTC | December 11, 2020 | November 1, 2020 |
| Last Day to File *Daubert* Motions | 7 weeks before the FPTC | December 18, 2020 | November 15, 2020 |
| Last Day to File Motions in Limine (other than *Daubert* Motions) | 4 weeks before the FPTC | February 4, 2021 | |
| Final Pre-Trial Conference (**Friday at 10:30 a.m.**) | | February 26, 2021 | |
| **Trial Date** | | March 1, 2021 | |

# **CERTIFICATE OF SERVICE**

I certify that on Friday, January 24, 2020, a true and correct copy of the attached **JOINT RULE 26(f) REPORT** was served electronically via CM/ECF on each participant of record, including counsel for Defendants listed below.

David A. Klein
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
*david.klein@kirkland.com*

Andrew Bloomer
Paul Collier
R. Allan Pixton
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
*andrew.bloomer@kirkland.com*
*paul.collier@kirkland.com*
*allan.pixton@kirkland.com*

**Counsel for Defendants**

                */s/ John P. Kristensen*
                John P. Kristensen