David A. Klein (SBN 273925)
KIRKLAND & ELLIS LLP
2049 Century Park East
Suite 3700
Los Angeles, CA 90067
david.klein@kirkland.com
Telephone: +1 213 680 8400
Facsimile: + 1 213 680 8500

Andrew Bloomer, P.C. (pro hac vice)
Paul Collier, P.C. (pro hac vice)
R. Allan Pixton (pro hac vice)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
andrew.bloomer@kirkland.com
paul.collier@kirkland.com
allan.pixton@kirkland.com
Telephone: +1 312 862 2000
Facsimile: +1 312 862 2200

Attorneys for Defendants Polaris
Industries Inc., Polaris Sales Inc., and
Polaris Inc. (f/k/a Polaris Industries Inc.)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| Guzman and Albright, individually on behalf of themselves and all others similarly situated, | ) ) ) | CASE NO. 8:19-cv-01543 |
|---|---|---|
| Plaintiffs, | ) ) ) | **DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |
| v. | ) ) | Complaint Filed Date: August 8, 2019 |
| Polaris Industries Inc., et al., | ) ) | Amended Complaint Filed Date: March 3, 2020 |
| Defendants. | ) ) ) | Judge: Josephine L. Staton |

Defendants Polaris Industries Inc., Polaris Sales Inc., and Polaris Inc. (f/k/a Polaris Industries Inc.) (collectively, "Polaris"), hereby submit their answer and affirmative defenses to plaintiffs' Second Amended Complaint.  Plaintiffs' Second Amended Complaint contains headings for which no response by Polaris is required. To the extent a response is required, Polaris denies all allegations in plaintiffs' headings. Polaris denies all allegations not specifically admitted in this answer and denies that plaintiffs are entitled to any relief:

## RESPONSE TO NATURE OF THE ACTION

1.    Plaintiffs' characterization of their claims does not require a response.  To the extent a response is required, Polaris admits that plaintiffs purportedly bring this action against Polaris, but otherwise denies the allegations in Paragraph 1.

2.    Plaintiffs' characterization of their claims does not require a response.  To the extent a response is required, Polaris admits that plaintiffs purportedly define Class Vehicles to include various models of Polaris vehicles, but denies that class treatment is appropriate on any basis.

3.    Polaris admits that the image contained in Paragraph 3 of the Second Amended Complaint is a cropped image of the ROPS label affixed on Polaris RZR XP 4 1000 model vehicles. Polaris admits that the full image is as follows:



Polaris admits that the ROPS label states that the ROPS structure meets the OSHA requirements of 29 C.F.R. § 1928.53 using the gross vehicle weight ("GVW") rating of 2,750 lbs. Polaris denies the remaining allegations in Paragraph 3.

4.    Polaris admits that it affixes ROPS labels to certain vehicles.    Polaris is without sufficient knowledge or information to admit or deny whether the ROPS label

is "visible at the point of sale" for any individual consumer, and therefore denies plaintiffs' allegations. Polaris denies the remaining allegations in Paragraph 4.

5.    Polaris denies the allegations in Paragraph 5.

6.    Polaris states that whether a vehicle "meet[s] all applicable federal and state statutes, standards, and regulations and self-adopted regulations is material information for consumers" represents a legal conclusion, and therefore no response is required from Polaris.  To the extent a response is required, Polaris lacks knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore denies it.  Polaris denies the remaining allegations in Paragraph 6.

7.    Polaris denies the allegations in Paragraph 7.

8.    Polaris denies the allegations in Paragraph 8.

9.    Polaris denies the allegations in Paragraph 9.

### RESPONSE TO UTVS SOLD BY POLARIS

10.    Polaris admits that the Recreational Off-Highway Vehicle Association ("ROHVA") defines a "Recreational Off-Highway Vehicle" (ROV) as a motorized off-highway vehicle designed to travel on four or more tires, intended by the manufacturer for recreational use by one or more persons.  Polaris admits that ROVs are sometimes referred to as Utility Terrain Vehicles ("UTVs") or side-by-side vehicles ("SxSs"). Polaris further admits that all-terrain vehicles ("ATVs") are defined by 15 U.S.C. § 2089(e)(1)(A) as "any motorized, off-highway vehicle designed to travel on 3 or 4 wheels, having a seat designed to be straddled by the operator and handlebars for steering control."  Polaris denies the remaining allegations in Paragraph 10.

11.    Polaris admits that UTVs, unlike ATVs, generally have seats situated side by side or a bench seat, operator and passenger seat belts, and a steering wheel.  Polaris further admits that certain Polaris RZR vehicles alleged in plaintiffs' purported Class Vehicles have top speeds in excess of 60 miles per hour.  Polaris admits that certain RZR vehicles have engines with up to 181 horsepower, but denies that such vehicles

1
2
fall within the definition of plaintiffs' purported Class Vehicles.  Polaris denies the
remaining allegations in Paragraph 11.

3
4
5
6
12.    Polaris admits that the images contained in the Second Amended
Complaint depict Polaris RZR and Ranger vehicles.  Polaris admits that Rangers and
RZRs do not look like slow 1970s farm tractors.  Polaris denies the remaining
allegations in Paragraph 12.

7
8
9
10
11
12
13
13.    Polaris lacks knowledge or information sufficient to form a belief as to the
truth of the allegations relating to UTV sales by manufacturers other than Polaris in
Paragraph 13, and therefore denies them.  Polaris admits that its Form 10-Q filing for
the 2nd quarter of 2019 ending on June 30, 2019 reported $1,049,321,000 in sales for
off-road vehicles and snowmobiles combined. Polaris admits that in 2019 it was the
North American market share leader in off-road vehicles. Polaris denies the remaining
allegations in Paragraph 13.

14
15
14.    Polaris admits that it sells certain UTVs at prices exceeding $20,000.
Polaris denies the remaining allegations in Paragraph 14.

16
**RESPONSE TO JURISDICTION AND VENUE**

17
18
19
20
21
22
23
24
15.    Polaris states that whether jurisdiction is proper is a legal conclusion, and
therefore no response is required from Polaris.  To the extent a response is required,
Polaris admits that plaintiffs purport to assert subject matter jurisdiction in accordance
with the Class Action Fairness Act, 28 U.S.C. § 1332(d), and that their claims as pleaded
currently establish subject matter jurisdiction of the Second Amended Complaint.
Polaris denies that any class treatment of the plaintiffs' claims is appropriate.  Polaris
lacks knowledge or information sufficient to form a belief as to the truth of the
remaining allegations in Paragraph 15, and therefore denies them.

25
26
27
28
16.    Polaris states that whether venue is proper is a legal conclusion, and
therefore no response is required from Polaris.  To the extent a response is required,
Polaris does not challenge venue.  Polaris further admits that ROHVA, a not-for-profit
trade association based in Irvine, California, adopted 29 C.F.R. § 1928.53 as part of a

voluntary ROPS testing standard.  Polaris admits it is a member and sponsor of ROHVA.  Polaris denies the remaining allegations in Paragraph 16.

17.    Polaris states that whether personal jurisdiction is established is a legal conclusion, and therefore no response is required from Polaris.  To the extent a response is required, Polaris admits that this Court has personal jurisdiction over it.

## **RESPONSE TO PARTIES**

18.    Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore denies them.

19.    Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore denies them.

20.    Polaris admits that Polaris Industries Inc. is a Delaware corporation with its principal place of business at 2100 Highway 55, Medina, Minnesota 55340-9770. Polaris further admits that its agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

21.    Polaris admits that Polaris Sales Inc. is a Minnesota corporation with its principal place of business at 2100 Highway 55, Medina, Minnesota 55340-9770. Polaris further admits that its agent for service of process in California is CT Corporation System located at 818 West 7th Street, Suite 930, Los Angeles, California 90017.

22.    Polaris admits that Polaris Inc. (f/k/a Polaris Industries Inc.) is a Minnesota corporation with its principal place of business at 2100 Highway 55, Medina, Minnesota, 55340-9770.  Polaris further admits that it is the parent company of Polaris Industries Inc. and Polaris Sales Inc., and that its agent for service of process is CT Corporation System, Inc., 101 Date Street N., St. Paul, Minnesota 55117-5603.

23.    Polaris admits that it designs in part, tests in part, manufactures in part, supplies in part, markets in part, and sells in part, UTVs.  Polaris also admits it sells in part vehicles through distributors and retailers throughout the United States, including

in the State of California, and in Orange County.  Polaris denies the remaining allegations in Paragraph 23.

24.    Only the first sentence of allegations in Paragraph 24 is directed at Polaris. Plaintiffs' allegations in the first sentence of Paragraph 24 contain a characterization of Plaintiffs' claims and therefore no response is required by Polaris.  To the extent a response is required, Polaris denies the allegations in the first sentence of Paragraph 24. As to the remaining allegations in Paragraph 24, Polaris states that the allegations are not directed to Polaris and do not require a response.  To the extent a response is required, Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and therefore denies them.

25.    Polaris states that the allegations in Paragraph 25 contain legal conclusions, and therefore no response is required by Polaris.  To the extent a response is required, Polaris denies the allegations in Paragraph 25.

26.    Polaris states that the allegations in Paragraph 26 contain legal conclusions, and therefore no response is required by Polaris.  To the extent a response is required, Polaris denies the allegations in Paragraph 26.

**RESPONSE TO FACTUAL ALLEGATIONS**

27.    Polaris admits the allegations in Paragraph 27.

28.    Polaris admits that on December 12, 2008, the CPSC held a meeting regarding ANSI Standard Development by ROHVA, which included discussion of lateral stability standards.  Polaris admits that Ken d'Entremont and Mary McConnell attended on behalf of Polaris.  Polaris lacks sufficient knowledge or information to form a belief as the remaining allegations in Paragraph 28, and therefore denies them.

29.    Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and therefore denies them.

30.    Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and therefore denies them.

31.    Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and therefore denies them.

32.    Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore denies them.

33.    Polaris states that 29 C.F.R. §§ 1928.51–1928.53 speaks for itself, and denies the allegations in Paragraph 33 to the extent they depart from the information in that regulation.

34.    Polaris states that 29 C.F.R. § 1928.51(a)(4) speaks for itself, and denies the allegations in Paragraph 34 to the extent they depart from the information in that regulation.

35.    Polaris states that 29 C.F.R. §§ 1928.51–1928.53 speaks for itself, and denies the allegations in Paragraph 35 to the extent they depart from the information in that regulation.  Polaris specifically denies the allegations in Paragraph 35 to the extent plaintiffs imply their allegations apply to UTVs like the Class Vehicles.

36.    Polaris admits the ROHVA ANSI standard includes, in part, the ROPS test of 29 C.F.R. § 1928.51, *et seq.*  Polaris admits it, along with other UTV manufacturers, is a member and sponsor of ROHVA.  Polaris denies the remaining allegations in Paragraph 36.

37.    Polaris admits that the alleged Class Vehicles have a range of different horsepowers that include engines with 168 horsepower and 68 horsepower, respectively.  Polaris denies that class treatment is appropriate on any basis.

38.    Polaris admits that an accredited third-party testing laboratory organization tests the ROPS of Polaris vehicles using GVW.  Polaris further admits that an accredited third-party organization tested the ROPS of the 2019 RZR XP 4 Turbo using the GVW of 2,750 pounds, and that the 2019 RZR XP 4 Turbo has 168 horsepower.  Polaris denies the remaining allegations in Paragraph 38, and specifically denies plaintiffs' allegations that the ROPS on Polaris vehicles do not meet the OSHA requirements of 29 C.F.R. § 1928.53 using the GVW and that Polaris misled any consumers.

39.     Polaris admits that its side-by-side vehicles generally weigh less and have greater horsepower than farm tractors.  Polaris denies the remaining allegations in Paragraph 39.

40.     Polaris denies the allegations in Paragraph 40.

41.     Polaris admits that it affixes ROPS labels to certain Polaris vehicles, and that those labels speak for themselves.  Polaris otherwise denies the allegations in Paragraph 41.

42.     Polaris denies the allegations in Paragraph 42.

43.     Polaris admits that an accredited third-party testing laboratory organization performs ROPS OSHA certification testing for its vehicles.  Polaris further admits that it has various digital computer models used in the design and analysis of its vehicles. Polaris denies the remaining allegations in Paragraph 43.

44.     Based upon information and belief, Polaris admits the allegations in Paragraph 44.

45.     Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, and therefore denies them.

46.     Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and therefore denies them.

47.     Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, and therefore denies them.

48.     Polaris admits that plaintiff Guzman purchased a 2018 Polaris RZR XP on September 17, 2018.  Polaris denies the remaining allegations in Paragraph 48.

49.     Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, and therefore denies them.

50.     Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and therefore denies them.

51.     Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and therefore denies them.

52.    Polaris admits that plaintiffs' respective vehicles were designed to have ROPS labels affixed to them stating that the ROPS structure on the vehicle meets the OSHA requirements of 29 C.F.R. § 1928.53 using the GVW to test the vehicle.  Polaris is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52, and therefore denies them.

53.    Polaris incorporates by reference its admissions and denials in Paragraph 4 above.  To the extent there are any remaining allegations in Paragraph 53, Polaris denies them.

54.    Polaris denies the allegations in Paragraph 54.

55.    Polaris denies the allegations in Paragraph 55.

56.    Polaris denies the allegations in Paragraph 56.

## RESPONSE TO CLASS ALLEGATIONS

57.    Plaintiffs' characterization of their claims does not require a response.  To the extent a response is required, Polaris admits that plaintiffs assert a purported class of California consumers, but denies that class treatment is appropriate on any basis.

58.    Plaintiffs' characterization of their claims does not require a response.  To the extent a response is required, Polaris denies that class treatment is appropriate on any basis, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58, and therefore denies them.

59.    The allegations in Paragraph 59 of the Complaint are not directed to Polaris and do not require a response.  To the extent a response is required, Polaris denies that class treatment is appropriate on any basis, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59, and therefore denies them.

60.    Polaris denies the allegations in Paragraph 60.

61.    Polaris denies the allegations in Paragraph 61.

62.    Polaris denies the allegations in Paragraph 62.

63.    Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63, and therefore denies them.

64.    Polaris denies the allegations in Paragraph 64.

65.    Polaris denies the allegations in Paragraph 65.

66.    Polaris denies the allegations in Paragraph 66.

67.    Polaris denies the allegations in Paragraph 67.

68.    Plaintiffs' characterization of their claims does not require a response.  To the extent a response is required, Polaris admits that plaintiffs seek injunctive relief against Polaris, but denies any violation of law and denies plaintiffs are entitled to any injunctive relief.

69.    Plaintiffs' characterization of their claims does not require a response.  To the extent a response is required, Polaris denies the allegations in Paragraph 69.

70.    Plaintiffs' characterization of their claims does not require a response.  To the extent a response is required, Polaris admits that plaintiffs seek injunctive relief against Polaris, but denies any violation of law and denies plaintiffs are entitled to any injunctive relief.

71.    Plaintiffs' characterization of their claims does not require a response.  To the extent a response is required, Polaris admits that plaintiffs seek injunctive relief against Polaris, but denies any violation of law and denies plaintiffs are entitled to any injunctive relief.

72.    Polaris denies the allegations in Paragraph 72.

73.    Polaris denies the allegations in Paragraph 73.

74.    The allegations in Paragraph 74 are not directed to Polaris and do not require a response.  To the extent a response is required, Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74, and therefore denies them.

75.     Plaintiffs' characterization of their claims does not require a response.  To the extent a response is required, Polaris denies that class treatment is appropriate on any basis and denies the allegations in Paragraph 75.

76.     The allegations in Paragraph 76 assert legal conclusions that do not require a response from Polaris.  To the extent a response is required, Polaris denies the allegations in Paragraph 76.

77.     The allegations in Paragraph 77 assert legal conclusions that do not require a response from Polaris.  To the extent a response is required, Polaris denies the allegations in Paragraph 77.

78.     Polaris denies the allegations in Paragraph 78.

79.     The allegations in Paragraph 79 assert legal conclusions that do not require a response from Polaris.  To the extent a response is required, Polaris denies the allegations in Paragraph 79, including those in subparts (i)–(xi).

80.     The allegations in Paragraph 80 assert legal conclusions that do not require a response from Polaris.  To the extent a response is required, Polaris denies the allegations in Paragraph 80.

81.     The allegations in Paragraph 81 assert legal conclusions that do not require a response from Polaris.  To the extent a response is required, Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to plaintiffs' retained counsel in Paragraph 81, and therefore denies them.  Polaris denies the remaining allegations in Paragraph 81.

82.     The allegations in Paragraph 82 assert legal conclusions that do not require a response from Polaris.  To the extent a response is required, Polaris denies the allegations in Paragraph 82.

83.     The allegations in Paragraph 83 assert legal conclusions that do not require a response from Polaris.  To the extent a response is required, Polaris denies the allegations in Paragraph 83.

84.    The allegations in Paragraph 84 assert legal conclusions that do not require a response from Polaris.  To the extent a response is required, Polaris denies the allegations in Paragraph 84.

## RESPONSE TO CAUSES OF ACTION

85.    Polaris adopts and incorporates by reference each and every denial and/or averment in the preceding paragraphs.

86.    Polaris states that the allegations in Paragraph 86 assert legal conclusions and do not require a response from Polaris.  To the extent a response is required, Polaris states the California Consumers Legal Remedies Act ("CLRA") speaks for itself. Polaris denies the remaining allegations in Paragraph 86.

87.    Polaris states that the allegations in Paragraph 87 assert legal conclusions and do not require a response from Polaris.  To the extent a response is required, Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87, and therefore denies them.

88.    Polaris states that the allegations in Paragraph 88 assert legal conclusions and do not require a response from Polaris.  To the extent a response is required, Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88, and therefore denies them.

89.    Polaris states that the allegations in Paragraph 89 assert legal conclusions and do not require a response from Polaris.  To the extent a response is required, Polaris states the CLRA speaks for itself.

90.    Polaris states that the allegations in Paragraph 90 assert legal conclusions and do not require a response from Polaris.  To the extent a response is required, Polaris denies the allegations in Paragraph 90.

91.    Polaris incorporates by reference its admissions and denials in Paragraph 3 above.  To the extent there are any remaining allegations in Paragraph 91, Polaris denies them.

92.     Polaris incorporates by reference its admissions and denials in Paragraph 4 above.  To the extent there are any remaining allegations in Paragraph 92, Polaris denies them.

93.     Polaris admits that plaintiff Guzman purchased a 2018 Polaris RZR XP on September 17, 2018.  Polaris denies the remaining allegations in Paragraph 93.

94.     Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94, and therefore denies them.

95.     Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95, and therefore denies them.

96.     Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96, and therefore denies them.

97.     Polaris denies the allegations in Paragraph 97.

98.     Polaris denies the allegations in Paragraph 98.

99.     Polaris admits that on August 13, 2019 it received a letter from plaintiffs' counsel dated August 9, 2019, which letter speaks for itself.  Polaris denies the allegations in Paragraph 99 to the extent they depart from the information in that letter. The remaining allegations of Paragraph 99 contain plaintiffs' characterization of their claims, and therefore no response is required from Polaris.  To the extent a response is required, Polaris denies the remaining allegations in Paragraph 99.

100.    Polaris adopts and incorporates by reference each and every denial and/or averment in the preceding paragraphs.

101.    Polaris states that the allegations in Paragraph 101 assert legal conclusions and do not require a response from Polaris.  To the extent a response is required, Polaris states the California Unfair Competition Law ("UCL") speaks for itself.

102.    Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102, and therefore denies them.

103.    Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103, and therefore denies them.

104.    Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104, and therefore denies them.

105.    Polaris admits that plaintiff Guzman purchased a 2018 Polaris RZR XP on September 17, 2018.  Polaris denies the remaining allegations in Paragraph 105.

106.    Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106, and therefore denies them.

107.    Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107, and therefore denies them.

108.    Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108, and therefore denies them.

109.    Polaris denies the allegations in Paragraph 109.

110.    Polaris denies the allegations in Paragraph 110.

111.    The allegations in Paragraph 111 assert a legal conclusion and do not require a response from Polaris.  To the extent a response is required, Polaris states that the UCL speaks for itself.

112.    The allegations in Paragraph 112 assert a legal conclusion and do not require a response from Polaris.  To the extent a response is required, Polaris states that the UCL speaks for itself.

113.    Polaris incorporates by reference its admissions and denials in Paragraph 3 above.  To the extent there are any remaining allegations in Paragraph 113, Polaris denies them.

114.    Polaris incorporates by reference its admissions and denials in Paragraph 4 above.  To the extent there are any remaining allegations in Paragraph 114, Polaris denies them.

115.    Polaris denies the allegations in Paragraph 115.

116.    Polaris denies the allegations in Paragraph 116.

117.    Polaris denies the allegations in Paragraph 117.

118.    Polaris denies the allegations in Paragraph 118.

1    119.   Polaris denies the allegations in Paragraph 119.

2    120.   Plaintiffs' allegations in Paragraph 120 contain legal conclusions and characterizations of their claims, which do not require a response from Polaris.  To the extent a response is required, Polaris denies the allegations in Paragraph 120.

121.   Plaintiffs' characterization of their claims does not require a response from Polaris.  To the extent a response is required, Polaris admits that plaintiffs seek injunctive relief against Polaris, but denies any violation of law and denies plaintiffs are entitled to any injunctive relief.

122.   Plaintiffs' characterization of their claims does not require a response from Polaris.  To the extent a response is required, Polaris admits that plaintiffs purport to seek injunctive relief against Polaris, but denies any violation of law and denies that plaintiffs are entitled to any injunctive relief.

123.   Plaintiffs' characterization of their claims does not require a response from Polaris.  To the extent a response is required, Polaris admits that plaintiffs purport to seek declaratory relief, restitution, and disgorgement of profits, but denies any violation of law warranting and denies that plaintiffs are entitled to any form of relief.

124.   Polaris adopts and incorporates by reference each and every denial and/or averment in the preceding paragraphs.

125.   The allegations in Paragraph 125 assert a legal conclusion and do not require a response from Polaris.  To the extent a response is required, Polaris states that the California False Advertising Law ("FAL") speaks for itself.

126.   Polaris denies the allegations in Paragraph 126.

127.   Polaris admits that plaintiff Guzman purchased a 2018 Polaris RZR XP on September 17, 2018.  Polaris denies the remaining allegations in Paragraph 127.

128.   Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128, and therefore denies them.

129.   Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129, and therefore denies them.

130.   Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130, and therefore denies them.

131.   Polaris incorporates by reference its admissions and denials in Paragraph 3 above.  To the extent there are any remaining allegations in Paragraph 131, Polaris denies them.

132.   Polaris incorporates by reference its admissions and denials in Paragraph 4 above.  To the extent there are any remaining allegations in Paragraph 132, Polaris denies them.

133.   Polaris denies the allegations in Paragraph 133.

134.   Polaris denies the allegations in Paragraph 134.

135.   Polaris denies the allegations in Paragraph 135.

136.   Polaris denies the allegations in Paragraph 136.

## RESPONSE TO PRAYER FOR RELIEF

Polaris denies that plaintiffs are entitled to all forms of relief requested in their Prayer for Relief, and further denies that plaintiffs are entitled to any form of relief from Polaris.

## AFFIRMATIVE AND OTHER DEFENSES

Polaris asserts the following defenses based on a good-faith assessment of the claims as known at this time, and without having yet conducted any discovery of the plaintiffs and their claims.  Without assuming the burden of proof as to any of the defenses set forth herein where such burden would otherwise rest with plaintiffs, Polaris alleges the following affirmative defenses to the Second Amended Complaint and to the relief sought therein:

### First Affirmative Defense

1.   Plaintiffs' Second Amended Complaint fails in whole or in part to state a claim against Polaris upon which relief may be granted.

**Second Affirmative Defense**

2.      Plaintiffs' putative class's claims are barred in whole or in party by the applicable statute of limitations as plaintiffs' proposed class definition goes back to August 8, 2015, which exceeds the statute of limitations for some of plaintiffs' claims.

**Third Affirmative Defense**

3.      Some or all of the claims in the Second Amended Complaint, including claims made on behalf of the proposed class, are barred because the plaintiffs or members of the proposed class lack standing.

**Fourth Affirmative Defense**

4.      On information and belief, the alleged damages were proximately caused in whole or in part by the acts or omissions of the plaintiffs, members of the proposed class, or others for whose conduct Polaris is not responsible.

**Fifth Affirmative Defense**

5.      Any claims for damages or other monetary recovery by the plaintiffs or members of the proposed class must be offset and reduced by the value received from the products purchased.

**Sixth Affirmative Defense**

6.      If in this Court or other courts any persons or entities claiming to be members of the proposed class have settled, or are in the process of settling, similar or the same claims as those alleged in the Second Amended Complaint, such settlements may bar recovery in this case in whole or in part.

**Seventh Affirmative Defense**

7.      If any persons or entities claiming to be members of the proposed class have resolved similar or the same claims as those alleged in the Second Amended Complaint, the doctrines of accord and satisfaction may bar recovery in this case in whole or in part.

**Eighth Affirmative Defense**

8.    The claims of the plaintiffs and members of the proposed class are barred, in whole or in part, under the applicable statutes of repose, or the doctrines of waiver, estoppel, or laches.

**Ninth Affirmative Defense**

9.    If any persons or entities claiming to be members of the proposed class have released claims, the releases may bar recovery in this case in whole or in part, by such releases.

**Tenth Affirmative Defense**

10.    The claims of the plaintiffs and members of the proposed class may be barred, in whole or in part, for any of them who failed to provide adequate notice to Polaris as required by applicable law.

**Eleventh Affirmative Defense**

11.    To the extent the Second Amended Complaint seeks injunctive or other equitable relief, neither plaintiffs nor any putative class member are entitled to such relief because, among other reasons, the claims for equitable remedies in the Second amended Complaint are barred because the plaintiffs and the members of the proposed class have an adequate remedy at law.  Furthermore, the hardship that would be imposed on Polaris by any such relief would be greatly disproportionate to any hardship that plaintiffs or putative class members might suffer in its absence.

**Twelfth Affirmative Defense**

12.    To the extent plaintiffs and members of the putative class claim exemplary or punitive damages, such awards are prohibited under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.  Plaintiffs and the putative class members also fail to allege facts to entitle them to such an award.

**Thirteenth Affirmative Defense**

13.    Plaintiffs and putative class members have failed to mitigate their damages, if any.

**Fourteenth Affirmative Defense**

14.    Plaintiffs' proposed class claims are barred, in whole or in part, by the doctrine of third-party standing, as many putative class members suffered no injury at all and thus would not have standing to bring suit.

**Fifteenth Affirmative Defense**

15.    The claims in the Second Amended Complaint are barred, in whole or in part, because plaintiffs and/or members of the proposed class were not actually deceived by and/or did not rely upon statements on the part of Polaris in deciding whether to purchase the products in question.  Moreover, plaintiffs and/or putative class members may have relied upon industry and/or media publications, reviews, or advertisements, none of which were created or published by Polaris.

**Sixteenth Affirmative Defense**

16.    This action is not appropriate for class treatment because the claims in the Second Amended Complaint necessarily revolve around the individual knowledge and conduct of plaintiffs and each putative class member.

**Seventeenth Affirmative Defense**

17.    Plaintiffs and/or putative class members whose vehicle have been sold or given to another are barred, in whole or in part, from recovery.

**Eighteenth Affirmative Defense**

18.    The claims of plaintiffs and putative class members are barred, in whole or in part, because they did not suffer any injury in fact or damages as a result of Polaris's actions.

**Nineteenth Affirmative Defense**

19.    This action is not appropriate for class treatment because the proposed class is overbroad.

**Twentieth Affirmative Defense**

20.    This action is not appropriate for class treatment because plaintiffs cannot satisfy the commonality requirement.

**Twenty-first Affirmative Defense**

21.    This action is not appropriate for class treatment because plaintiffs cannot satisfy the numerosity requirement.

**Twenty-second Affirmative Defense**

22.    This action is not appropriate for class treatment because plaintiffs cannot satisfy the ascertainability requirement.

**Twenty-third Affirmative Defense**

23.    This action is not appropriate for class treatment because plaintiffs cannot show that damages are capable of measurement on a classwide basis.

**Twenty-fourth Affirmative Defense**

24.     This action is not appropriate for class treatment because plaintiffs will not fairly or adequately protect the interests of the members of the class.

**Twenty-fifth Affirmative Defense**

25.     This action is not appropriate for class treatment because a class action is not a superior means of adjudicating the issues in plaintiffs' Complaint.

**Twenty-sixth Affirmative Defense**

26.     The claims of plaintiffs and putative class members fail because plaintiffs cannot demonstrate that any representation by Polaris was false or misleading.

**Twenty-seventh Affirmative Defense**

27.     The purported Class Vehicles comply with industry standards and any applicable local, state, and federal codes, standards, or regulations.

Polaris avers it may have additional affirmative defenses available that are not now fully known.  Polaris, accordingly, reserves the right to assert additional affirmative defenses after they have been determined.

WHEREFORE, Polaris respectfully requests:

(1)     That plaintiffs and the members of the proposed class take nothing;

(2)     Entry of judgment in Polaris' favor;

1         (3)     That the proposed certification of any class be denied; and

2         (4)     The costs of suit and such further relief as the Court deems proper.

3

4   DATED:  March 31, 2020      By:  */s/ David A. Klein*

5                               David A. Klein (SBN 273925).
                                KIRKLAND & ELLIS LLP

6                               2049 Century Park East
                              Suite 3700

7                               Los Angeles, CA 90067
                              Telephone: +1 213 680 8400

8                               Facsimile: +1 213 680 8500

9                               Andrew Bloomer, P.C. (pro hac vice)
                              Paul Collier, P.C. (pro hac vice)

10                              R. Allan Pixton (pro hac vice)
                             KIRKLAND & ELLIS LLP

11                              300 North LaSalle
                             Chicago, IL 60654

12                              andrew.bloomer@kirkland.com
                             paul.collier@kirkland.com

13                            allan.pixton@kirkland.com
                            Telephone: +1 312 862 2000

14                               Facsimile: +1 312 862 2200

15                              Attorneys for Polaris Industries Inc.,
                             Polaris Sales Inc., and Polaris Inc. (f/k/a

16                              Polaris Industries Inc.)

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 31, 2020, I caused the foregoing document to be served on the following counsel for plaintiffs via the Court's electronic filing system:

John P. Kristensen (SBN 224132)
**KRISTENSEN WEISBERG, LLP**
12450 Beatrice Street, Suite 200
Los Angeles, California 90066
Telephone: (310) 507-7924
Facsimile: (310) 507-7906
*john@kristensenlaw.com*

Todd M. Friedman (SBN 216752)
**LAW OFFICES OF
TODD M. FRIEDMAN, P.C.**
21550 Oxnard Street, Suite 780
Woodland Hills, California 91367
Telephone: (877) 619-8966
Facsimile: (866) 633-0028
*tfriedman@toddflaw.com*

Christopher W. Wood (SBN 193955)
**DREYER BABICH BUCCOLA
WOOD CAMPORA, LLP**
20 Bicentennial Circle
Sacramento, California 95826
Telephone: (916) 379-3500
Facsimile: (916) 379-3599
*cwood@dbbwc.com*

DATED:   March 31, 2020

By:   */s/ David A. Klein*
David A. Klein

Attorney for Defendants Polaris
Industries Inc., Polaris Sales Inc., and
Polaris Inc. (f/k/a Polaris Industries Inc.)