1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT

# FOR CENTRAL DISTRICT OF CALIFORNIA

Guzman and Albright, individually on
behalf of themselves and all others
similarly situated,

        Plaintiffs,

        v.

Polaris Industries Inc., et al.

        Defendants.

CASE NO. 8:19-cv-01543-JLS-KESx

**CLASS ACTION**

**[~~PROPOSED~~] ORDER
PROTECTING
CONFIDENTIALITY AND
PRIVILEGED MATERIALS**

**DISCOVERY DOCUMENT:
REFERRED TO MAGISTRATE
JUDGE KAREN E. SCOTT**

Plaintiffs and defendants agree that during the course of discovery it may be necessary to disclose certain confidential and proprietary information relating to the subject matter of the above-captioned action ("Action").  They agree that the documents and other information, including the substance and content thereof, designated by any party as confidential and proprietary, and produced by that party in response to any formal or informal request for discovery in any of the cases consolidated in the above-captioned matter, shall be subject to the terms of this Protective Order ("Protective Order" or "Order") as set forth below.

Good cause exists to support the entry of this Order because the information sought in discovery includes information that at least one party considers confidential and proprietary, including trade secret and confidential research, development, or commercial information, or other information that a party deems confidential and protectable under Federal Rule of Civil Procedure 26.  Divulging such information without any protection from disclosure to the general public, or to the parties for purposes other than this Action, could be detrimental to the ongoing business of the parties, particularly those parties who are conducting business in a highly competitive environment.  The purpose of this Order is to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality and privilege, and protect material to be kept confidential or privileged pursuant to the Court's inherent authority, its authority under Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502(d), and the judicial opinions interpreting such Rules.  For good cause shown under Federal Rule of Civil Procedure 26(c), the Court grants the parties' joint request and hereby enters the following Protective Order:

**ORDERED:**

**I.    CONFIDENTIALITY.**

1.    *Information*.  "Information" includes the contents of documents and other data, any data and information associated with documents (whether physical or in

electronic format), oral and written testimony, answers to interrogatories, admissions, and data and information derived from objects other than documents, produced or disclosed in these proceedings by any party to the Action or by any third party (the "Producing Party") to any other party or parties, subject to the provisions in Paragraphs 5 and 6 of this Order (the "Receiving Party").

2.   *Confidentiality Designations*.   This Order covers Information that the Producing Party designates "Confidential" or "Highly Confidential."  Information may be designated as Confidential when (i) the Producing Party reasonably believes that the Information constitutes, reflects, discloses, or contains Information subject to protection under Federal Rule of Civil Procedure 26(c) or other confidential, non-public information, or (ii) the Producing Party reasonably believes that the documents or information includes material protected by federal, state, or foreign data protection laws or other privacy obligations, including (but not limited to) consumer and third-party names, such as the first and last names of persons involved in an accident or of other individuals not directly involved in an accident but included in documents related to an accident; Social Security Numbers; health information relating to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual; driver's license or other identification numbers; personal financial information such as tax information, bank-account numbers, and credit-card numbers, insurance-claim numbers; insurance-policy numbers; VIN numbers; or the personal email addresses or other contact information of board members and employees ("Personal Information").  Information may be designated as Highly Confidential when: (i) the Producing Party reasonably believes that the documents or information contain competitively sensitive information regarding future product designs or strategies, commercial or financial information, or other sensitive information, the disclosure of which to third-party competitors may result in commercial harm; or (ii) the Producing

2

Party reasonably believes that the documents or information includes Personal Information.  Subject to the provisions of Paragraph 3(b), the parties shall make Confidential and Highly Confidential designations in good faith to ensure that only those documents that merit Confidential or Highly Confidential treatments are so designated.

3. *Procedure for Confidentiality Designations.*

(a) *Designation.*  To designate Information as Confidential or Highly Confidential, a Producing Party must mark it or identify it on the record as such. Either designation may be withdrawn by the Producing Party.

(b) *Bulk Designation.*  To expedite production of potentially voluminous materials, a Producing Party may, but is not required to, produce materials without a detailed confidentiality review, subject to the "clawback" procedures in Paragraphs 3(f) and 10 of this Order or as otherwise agreed to.  In so doing, the Producing Party may designate those collections of documents that by their nature contain "Confidential" or "Highly Confidential" Information with the appropriate designation notwithstanding that some of the documents within the collection may not qualify for such designation.  The materials that may be so designated shall be limited to the types or categories of documents that the Producing Party reasonably believes may contain Confidential or Highly Confidential Information, as defined in Paragraph 2 of this Order. Notwithstanding the foregoing, a Receiving Party may at any time challenge the designation of one or more particular documents as Confidential or Highly Confidential on the grounds that it does not or they do not qualify for such protection.  If the Producing Party agrees, it must promptly notify all Receiving Parties that it is withdrawing or changing the designation.

(c) *Marking.*  All or any part of a document, tangible object, discovery response, or pleading disclosed, produced, or filed by a Producing Party may be

designated Confidential or Highly Confidential by marking the appropriate legend ("CONFIDENTIAL -- Subject to Court Order" or "HIGHLY CONFIDENTIAL -- Subject to Court Order") on the face of the document and each page so designated.  With respect to tangible items or electronically stored Information produced in native format, the appropriate legend shall be marked on the face of the tangible item or media containing electronically stored Information, if practicable, or by written notice to the Receiving Party at the time of disclosure, production, or filing that such tangible item or media is Confidential or Highly Confidential or contains such Information.

(d)     *Redaction*.  Any Producing Party may redact from the documents and things it produces any Information that the Producing Party claims is subject to attorney-client privilege, work product protection, a legal prohibition against disclosure, or any other privilege or immunity.  The Producing Party shall mark each thing where matter has been redacted with a legend stating "PRIVACY," "PII," "PRIVILEGED," or a comparable notice.  Where a document consists of more than one page, each page on which Information has been redacted shall be so marked.  The Producing Party shall preserve an unredacted version of each such document.  The process for challenging the designation of redactions shall be the same as the process for challenging the designation of Confidential Material and Highly Confidential Material set forth in Paragraph 4.  If counsel for the Producing Party agrees that Confidential or Highly Confidential Information initially redacted shall not be subject to redaction or shall receive alternative treatment, or if the Court orders that those materials shall not be subject to redaction or shall receive alternative treatment, and the Information is subsequently produced in unredacted form, then that unredacted Information shall bear the appropriate legend  and shall continue to receive the protections and treatment afforded to documents bearing such designation.

(e)   *Timing*.   Subject to the provisions of Paragraphs 3(f) and 10, documents and other objects must be designated as Confidential or Highly Confidential before disclosure.  In the event that a Producing Party designates some or all of a witness's deposition testimony as Confidential or Highly Confidential, the specific page and line designations over which confidentiality is claimed must be provided to the Receiving Party within thirty (30) days of receipt of the final transcript, provided, however, that the Receiving Party will consider reasonable requests for an extension of the deadline.  Deposition testimony shall be treated as Highly Confidential pending the deadline.

(f)   *Errors*.   Disclosure of Confidential or Highly Confidential Information does not waive the confidential status of such Information.  In the event that Confidential or Highly Confidential Information is disclosed without a marking or designation of it as such, the Producing Party may thereafter assert a claim or designation of confidentiality, and promptly provide replacement media.  Thereafter, the Receiving Party must immediately return the original Confidential or Highly Confidential Information and all copies of the same to the Producing Party and make no use of such Information.

4.   *Challenges to Confidentiality Designations*.  Any party may object to the propriety of the designation of specific material as Confidential or Highly Confidential by serving a written objection upon the Producing Party's counsel.  The Producing Party or its counsel shall thereafter, within ten calendar days, respond to such objection in writing by either: (i) agreeing to remove the designation; or (ii) stating the reasons for such designation.  If the objecting party and the Producing Party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) at issue, the objecting party may move the Court for an order withdrawing the designation as to the specific designation on which the Parties could not agree.  Counsel may agree to a reasonable extension of the ten-day period, if necessary.  On such a motion, the

5

Producing Party shall have the burden of proving that "good cause" exists for the designation at issue and that the material is entitled to protection as Confidential or Highly Confidential Information under applicable law.  In the event a motion is filed by the objecting party, the Information at issue shall continue to be treated in the manner as designated by the Producing Party until the Court orders otherwise.  A Receiving Party does not waive its right to challenge a Confidential or Highly Confidential designation by electing not to raise a challenge promptly after the original designation is disclosed and may challenge a designation at such time as the Receiving Party deems appropriate.  Each party shall bear its own fees and costs related to any challenges of confidentiality designations under this Protective Order.

5.     *Access to Confidential Information*.  The Receiving Party may share Confidential Information with only the following persons and entities related to each of the cases consolidated in the above-captioned case:

(a)    The Court and its staff;

(b)    Parties to any of the actions consolidated in the above-captioned case;

(c)    Counsel (and their staff) for the parties;

(d)    Court reporters (including audio and video), interpreters, translators, copy services, graphic-support services, document-imaging services, and database or coding services retained by counsel, provided that these individuals or an appropriate company official with authority to do so on behalf of the company executes a certification attached hereto as Appendix A;

(e)    Special masters and their staff, provided that these individuals or an appropriate company official with authority to do so on behalf of the company executes a certification attached hereto as Appendix A;

6

(f)     Mediators and their staff, provided that these individuals or an appropriate company official with authority to do so on behalf of the company executes a certification attached hereto as Appendix A;

(g)     Persons who prepared, received, or reviewed the Confidential Information prior to its production;

(h)     A witness during a hearing, a deposition, or preparation for a deposition who is a current employee of the Party that produced the applicable document(s) or who appears, based on the document itself or testimony in a deposition, to have specific knowledge of the documents designated "CONFIDENTIAL";

(i)     Deponents and trial witnesses during a deposition or trial who have a reasonable need to see the Confidential Information in order to provide testimony, provided such witness executes a certification in the form attached hereto as Appendix A;

(j)     Any expert or consultant, and his, her or its staff, hired by a party for litigation purposes who agrees to be bound by this Order and signs the certificate attached hereto as Appendix A; and

(k)     Any other person to whom the Producing Party, in writing, authorizes disclosure.

6.     *Access to Highly Confidential Information*.  The Receiving Party may share Highly Confidential Information with only the following persons and entities related to each of the cases consolidated in the above-captioned case:

(a)     The Court and its staff;

(b)     Counsel (and their staff) for parties;

(c)     Court reporters (including audio and video), interpreters, translators, copy services, graphic support services, document imaging services, and database or coding services retained by counsel, provided that these individuals

or an appropriate company official with authority to do so on behalf of the company executes a certification attached hereto as Appendix A;

(d) Special masters and their staff, provided that these individuals or an appropriate company official with authority to do so on behalf of the company executes a certification attached hereto as Appendix A;

(e) Mediators and their staff, provided that these individuals or an appropriate company official with authority to do so on behalf of the company executes a certification attached hereto as Appendix A;

(f) Persons who prepared, received, or reviewed the Highly Confidential Information prior to its production;

(g) A witness during a hearing, a deposition, or preparation for a deposition who is a current employee of the Party that produced the applicable document(s) or who appears, based on the document itself or testimony in a deposition, to have specific knowledge of the documents designated "HIGHLY CONFIDENTIAL";

(h) Outside experts, consultants, or other agents retained by a party for litigation purposes, provided such expert, consultant, or agent executes a certification in the form attached hereto as Appendix A; and

(i) Any other person to whom the Producing Party, in writing, authorizes disclosure.

7. *Use of Confidential and Highly Confidential Information.*

(a) *Restricted to This Proceeding.* Confidential Information and Highly Confidential Information must be used only in this proceeding, except that nothing in this Protective Order shall be construed as limiting any party from disclosing a potential safety defect to an appropriate government agency.

(b) *Acknowledgment.* Subject to the restrictions contained in Paragraphs 5 and 6, the persons identified in Paragraphs 5 and 6 may receive or

review Confidential or Highly Confidential Information. All persons specifically designated in Paragraphs 5 and 6 must execute the certificate attached hereto as Appendix A or affirm on the record that he or she will not disclose Confidential or Highly Confidential Information revealed during a deposition and will keep the transcript confidential.

(c)     *Filings*.    All parties shall make reasonable efforts to avoid requesting the filing of Confidential or Highly Confidential Information under seal by, for example, redacting or otherwise excluding from a submission to the Court any such Information not directly pertinent to the submission. Where not reasonably possible, any Party wishing to file a document or paper containing Confidential or Highly Confidential Information may only file such documents in accordance with Civil Local Rule 79-5.

(d)     *Hearings*.    The use of Confidential or Highly Confidential Information during a pre-trial hearing shall be determined by agreement of the parties or by Order of the Court.

(e)     *Trial*.  The use of Confidential or Highly Confidential Information during the trial shall be determined by Order of the Court.

(f)     *Subpoena by Other Courts or Agencies*.   If another court or an administrative agency subpoenas or otherwise orders production of Confidential or Highly Confidential Information that any Party or other person has obtained under the terms of this Order, the Party or other person to whom the subpoena or other process is directed must notify the Producing Party in writing within five days of all of the following: (a) the discovery materials that are requested for production in the subpoena; (b) the date by which compliance with the subpoena is requested; (c) the location at which compliance with the subpoena is requested; (d) the identity of the party serving the subpoena; and (e) the case name, jurisdiction and index, docket, complaint, charge, civil action or other

9

identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena or other process has been issued. Confidential or Highly Confidential Information shall not be produced prior to the receipt of written notice by the Producing Party and after a reasonable opportunity to object has been offered. Further, the party or person receiving the subpoena or other process will provide the Producing Party with reasonable cooperation. The Producing Party will bear the burden and all costs of opposing the subpoena on grounds of confidentiality.

8.    *Return of Discovery Materials*. Within ninety days of the termination of any party from all proceedings in this proceeding, that party, its employees, attorneys, consultants and experts must destroy or return (at the election of the Receiving Party) all originals and/or copies of documents with Confidential Information or Highly Confidential Information. Polaris will retain possession of all files returned by Plaintiffs' Counsel at the termination of all proceedings for a period of five (5) years. At the written request of the Producing Party, any person or entity having custody or control of recordings, notes, memoranda, summaries or other written materials, and all copies thereof, related to or containing discovery materials produced by the Producing Party (the "Discovery Materials") shall deliver to the Producing Party an affidavit certifying that reasonable efforts have been made to assure that all Discovery Materials (except for privileged communications, work product and court-filed documents as stated above) have been destroyed or delivered to the Producing Party in accordance with the terms of this Protective Order. A Receiving Party is permitted to retain a list of the documents by Bates Number that are produced by a Producing Party under this Protective Order.

## II.    PRIVILEGES.

9.    *No Waiver by Disclosure*.

(a)     This Order is entered, *inter alia*, pursuant to Rule 502(d) of the Federal Rules of Evidence.  If a Producing Party discloses information in connection with the pending litigation that the Producing Party thereafter claims to be privileged or protected by the attorney-client privilege or attorney work product protection ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter in this proceeding or in any other federal or state proceeding.

(b)     A Producing Party may assert in writing attorney-client privilege or work product protection with respect to Disclosed Protected Information.  The Receiving Party must—unless it contests the claim of attorney-client privilege or work product protection in accordance with sub-paragraph (c)—within five business days of receipt of that writing, (i) return or destroy all copies of the Disclosed Protected Information, and (ii) provide a certification of counsel that all of the Disclosed Protected Information has been returned or destroyed.  Within five business days of receipt of the notification that the Disclosed Protected Information has been returned or destroyed, the Producing Party must produce a privilege log with respect to the Disclosed Protected Information.

(c)     If the Receiving Party contests the claim of attorney-client privilege or work product protection, the Receiving Party must—within 21 days of receipt of the claim of privilege or protection—move the Court for an Order compelling disclosure of the Disclosed Protected Information (a "Disclosure Motion").  In its Disclosure Motion, the Receiving Party must not assert as a ground for compelling disclosure the fact or circumstance of disclosure in this case, and may not disclose any of the Disclosed Protected Information.  Pending resolution of

the Disclosure Motion, the Receiving Party must sequester the Disclosed Protected Information and not use the Disclosed Protected Information or disclose it to any person other than as required by law.

(d)     Disclosed Protected Information that is sought to be reclaimed by the parties to this case pursuant to this Order shall not be used as grounds by any third party to argue that any waiver of privilege or protection has occurred by virtue of any production in this case.

(e)     The Producing Party retains the burden of establishing the privileged or protected nature of the Disclosed Protected Information.  Nothing in this paragraph shall limit the right of any party to petition the Court for an *in camera* review of the Disclosed Protected Information.

10.     *Receiving Party's Obligation.*  Nothing in this Order shall relieve counsel for any Receiving Party of any existing duty or obligation, whether established by case law, rule of court, regulation or other source, to return, and not to review, any privileged or work product materials without being requested by the Producing Party to do so. Rather, in the event a Receiving Party becomes aware that it is in possession of what appears to be privileged documents or materials, then counsel for the Receiving Party shall immediately: (i) cease any further review or use of that document or material and (ii) notify the Producing Party of the apparent production of Disclosed Protected Information, requesting whether the documents or materials are Disclosed Protected Information.  In the event the Producing Party confirms the documents or material are Disclosed Protected Information, the Receiving Party shall (i) promptly return or destroy all copies of the Disclosed Protected Information in its possession and (ii) take reasonable steps to retrieve all copies of the Disclosed Protected Information distributed to other counsel or non-parties.

11.     *Privilege Log Production.*

12

(a)     Unless otherwise provided in this Order, any document falling within the scope of any request for production or subpoena that is withheld on the basis of a claim of attorney-client privilege, work product, or any other claim of privilege or immunity from discovery is to be identified by the Producing Party on a privilege log, which the Producing Party shall produce in an electronic format that allows text searching.  For administrative purposes, an e-mail thread contained within a single document need only be recorded once on the Producing Party's privilege log, even if a privilege is asserted over multiple portions of the thread.  Redacted documents need not be logged as long as (a) for emails, the bibliographic information (i.e. to, from, cc, bcc, recipients, date and time) is not redacted, and the other information required by Fed. R. Civ. P. 26(b)(5)(A) to enable assessment of the Producing Party's claims of privilege is noted on the face of the document; and (b) for non-email documents, the information required by Fed. R. Civ. P. 26(b)(5)(A) to enable assessment of the Producing Party's claims of privilege is noted on the face of the document.  Documents that are redacted shall be identified as such in a "redaction" field in the accompanying data load file.  The parties will meet and confer regarding any redactions which a Receiving Party has questions and/or is considering challenging.

(b)     Privilege log identification is not required for work product created by counsel, or by an agent of counsel other than a party, after August 8, 2019, or for communications (including work product) exchanged between or among: (i) the Producing Party and their external counsel; (ii) external counsel for the Producing Party; (iii) external counsel for plaintiffs; and/or (iv) external counsel for defendants.

13

III.   **MISCELLANEOUS.**

12.    *Additional Protective Orders*.  Nothing herein prevents a Producing Party from seeking additional protective orders from the Court pursuant to Fed. R. Civ. P. 26 and Fed. R. Evid. 502(d).

13.    *Violations of the Protective Order by a Receiving Party*.  In the event that any person or party violates the terms of this Protective Order or threatens to violate the terms of this Protective Order, the aggrieved Producing Party may apply to the Court to obtain relief against any such person or party violating or threatening to violate any of the terms of this Protective Order.  The parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.

14.    *Violations of the Protective Order by Disclosure of Personal Information*. In the event that any person or party violates the terms of this Protective Order by disclosing Confidential Personal Information or Highly Confidential Information relating to an individual third party, as defined in Paragraph 2 of this Order, or in the event that any person or party breaches the terms of the Protective Order in a manner that requires disclosure to a third party under pertinent privacy laws or otherwise, it shall be the responsibility of the breaching party to contact that third party and to comply with any laws or regulations involving breaches of Personal Information.

15.    *Security Precautions and Data Breaches*.  Each Receiving Party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that Receiving Party.  A Receiving Party who learns of a breach of confidentiality must promptly notify the Producing Party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

16.    *Protective Order Remains in Force*.  This Protective Order shall remain in force and effect until modified, superseded, or terminated by order of the Court.  Unless otherwise ordered, or agreed upon by the parties, this Protective Order shall survive the

14

1    termination of this action.  The Court retains jurisdiction even after termination of this

2    action to enforce this Protective Order and to make such amendments, modifications,

3    deletions and additions to this Protective Order as the Court may from time to time

4    deem appropriate.

5

6    **SO ORDERED** this <u>22nd</u> day of <u>May</u>, 2020.

7

8

9    _____

     Honorable Karen E. Scott

10   United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# APPENDIX A

I hereby certify that I have read the Order Protecting Confidentiality ("Order") entered in the above-captioned action and that I understand the terms thereof.  I agree to be bound by the Order. If I receive documents or information designated as Confidential or Highly Confidential, as those terms are defined in the Order, I understand that such information is provided to me pursuant to the terms and restrictions of the Order. I agree to hold in confidence and not further disclose or use for any purpose, other than as permitted by the Order, any information disclosed to me pursuant to the terms of the Order. I further agree to submit to the jurisdiction of this Court for purposes of enforcing the Order and agree to accept service of process in connection with this action or any proceedings related to enforcement of the Order by certified letter, return receipt requested, at my principal residence, in lieu of personal service or other methods of service.

I understand that these certifications are strictly confidential, that counsel for each party are maintaining the certifications without giving copies to the other side, and that the parties expressly agreed and the Court ordered that except in the event of a violation of this Order, the parties will make no attempt to seek copies of the certifications or to determine the identities of persons signing them.  I further understand that if the Court should find that any disclosure is necessary to investigate a violation of this Order, the disclosure will be limited to outside counsel only, and outside counsel shall not disclose any information to their clients that could tend to identify any certification signatory unless and until there is specific evidence that a particular signatory may have violated the Order, in which case limited disclosure may be made with respect to that signatory.

Dated:                                Signature: _____

                                      Printed
                                      Name:            _____

16