John P. Kristensen (SBN 224132)
Frank M. Mihalic, Jr. (SBN 344691)
**CARPENTER & ZUCKERMAN**
8827 W. Olympic Blvd.
Beverly Hills, California 90211
Telephone: (310) 507-7924
*kristensen@cz.law*
*fmihalic@cz.law*

| | |
|---|---|
| Todd M. Friedman (SBN 216752) | Christopher W. Wood (SBN 193955) |
| Adrian R. Bacon (SBN 280332) | **DREYER BABICH BUCCOLA** |
| **LAW OFFICES OF TODD M. FRIEDMAN, P.C.** | **WOOD CAMPORA, LLP** |
| 21031 Ventura Blvd., Suite 340, | 20 Bicentennial Circle |
| Woodland Hills, CA 91364 | Sacramento, California 95826 |
| Phone: 323-306-4234 | Telephone: (916) 379-3500 |
| Fax: 866-633-0228 | Facsimile: (916) 379-3599 |
| *tfriedman@toddflaw.com* | *cwood@dbbwc.com* |
| *abacon@toddflaw.com* | |

*Attorneys for Plaintiff and all others similarly situated*

# THE UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA -- SOUTHERN DIVISION

| | |
|---|---|
| PAUL GUZMAN, et al., | CASE NO. 8:19-CV-01543-FLA (KESx) |
| Plaintiff, | **JOINT STATUS REPORT AS DIRECTED BY THE COURT'S SEPTEMBER 27, 2023 ORDER** |
| v. | |
| POLARIS INDUSTRIES INC., et al., | |
| Defendants. | |

Pursuant to the Court's September 27, 2023 Order (Dkt 184), Plaintiff Paul Guzman ("Plaintiff" or "Guzman") and defendants Polaris Industries Inc., a Delaware corporation, Polaris Sales Inc., and Polaris Inc., a Delaware corporation (f/k/a Polaris Industries Inc., a Minnesota corporation) (collectively, "Defendants" or "Polaris"), met and conferred on multiple occasions regarding the potential contents and logistics of class notice, the status of the case, and next steps.

**Polaris's Fed. R. Civ. P. 23(f) Petition**

Polaris has filed a Petition pursuant to Rule 23(f) for permission to appeal the Court's class certification order. Plaintiff has opposed the petition. The Parties anticipate the Ninth Circuit will issue a decision on whether to grant the Petition and take the appeal in the next 45 days. Until the Petition and any potential appeal associated therewith are resolved, the Parties agree to stay proceedings in this case.

**Class Notice**

Plaintiff believes the best notice practicable based on the record of the case is a direct notice postcard, coupled with a class website to be set up for a period of 90 days. Plaintiff expects the notice shall provide Class Members with pertinent information relating to the case, as required under Rule 23(c)(2)(B), and will direct Class Members to a class website for further information. Plaintiff anticipates the website will contain pertinent documents relating to the case, as well as a long form notice outlining frequently asked questions in more detail.

Polaris has agreed to provide names and last known addresses of new purchasers of Class Vehicles for purposes of sending the class notice, with a full reservation of its rights regarding any notice and notice plan to be proposed by Plaintiff.

The Parties will continue to meet and confer regarding the logistics and content of the notice and website with the goal of Plaintiff presenting an unopposed or opposed Motion for approval of a proposed class notice plan, depending on the outcome of the parties' ongoing discussions regarding same. Plaintiff anticipates

filing his motion within 14 days of the Petition for leave to appeal and any potential appeal associated therewith being resolved.

### The Parties' Positions Regarding Case Schedule

Plaintiff proposes a period of seven months to finish class damages and expert discovery. Assuming the Rule 23(f) Petition is decided before December 1, 2023, a proposed deadline would be July 1, 2024.

Plaintiff also plans to file a Motion for summary adjudication on several elements of their CLRA claims after the Class has been given notice and had sufficient time to elect to opt out or participate in the action.

Plaintiff proposes a 60-day period following expert discovery for any dispositive motions and *Daubert* motions, with a proposed hearing deadline of September 2, 2024.

Plaintiff seeks a trial date approximately 12 months from this report.

Polaris's position is that the Parties should continue to meet and confer regarding a reasonable schedule for this case and jointly submit a proposed schedule (or competing proposed schedules) within 14 days of the resolution of Polaris's Rule 23(f) petition and any associated appeals therewith.

### Request For In-Person Hearing After Rule 23(f) Petition Is Adjudicated

The Parties request an in person hearing to discuss the status of the case with the Court on the issues herein, on a date convenient for the Court's calendar. Plaintiff believes this hearing should occur within the first two weeks of December, which is likely after the Ninth Circuit rules on Polaris's Rule 23(f) petition. Polaris's position is that it makes more sense to have the hearing after Polaris's Rule 23(f) petition and any potential appeal associated therewith is adjudicated.

In the meantime, the parties will continue to meet and confer regarding class notice, a schedule for the case (including expert damages discovery and *Daubert* and other dispositive motion practice, and Plaintiff's request to consolidate this case with a

1  related action entitled *Berlanga v. Polaris Industries Inc. et al.*, case no. 23—cv-07187
2  FLA (KESx), that was recently transferred to this Court.

### The Parties' Positions On Alternative Dispute Resolution

The Parties will continue to meet and confer regarding the timing and form of potential alternative dispute resolution ("ADR"). Plaintiff's position is that it makes sense to set a deadline to complete ADR within four months. If the Ninth Circuit grants Polaris's Rule 23(f) petition, that deadline obviously can be vacated. Polaris's position is that a deadline to complete ADR should not be set before the resolution of Polaris's Rule 23(f) petition and any potential appeal associated therewith.

DATED:  October 25, 2023           CARPENTER & ZUCKERMAN

 */s/ John P. Kristensen*
John P. Kristensen, SBN 224132
8827 W. Olympic Boulevard
Beverly Hills, California 90211
Telephone: 310.507.7924

***Attorney for Plaintiffs***

DATED:  October 25, 2023           KIRKLAND & ELLIS LLP

 */s/ David A. Klein*
David A. Klein (SBN 273925)
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 680-8400

***Attorney for Defendants***

Local Rule 5-4.3.4(a)(2)(i) Attestation

I attest that R. Allan Pixton, counsel for Defendants, concurs in this filing's content and has authorized the filing.

DATED: October 25, 2023

Respectfully submitted,

*/s/ John P. Kristensen*
John P. Kristensen Attorney for Plaintiffs