R. Allan Pixton (*pro hac vice*)
allanpixton@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Wacker Dr, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

David A. Klein (SBN 273925)
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067 david.klein@kirkland.com
Telephone: (310) 552 4200
Facsimile: (310) 552 4900

*Attorneys for Defendants Polaris Industries
Inc., Polaris Sales Inc., and Polaris Inc.
(f/k/a Polaris Industries Inc.)*

*Additional counsel listed below*

## THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL GUZMAN, Plaintiff, | Case Nos.: 8:19-cv-01543-FLA (KESx) (lead case) 2:23-cv-07187-FLA (KESx) |
| v. POLARIS INDUSTRIES INC., et al., Defendants. | **JOINT STIPULATION TO STAY PROCEEDINGS PENDING MEDIATION** |
| MICHAEL HELLMAN, Plaintiff, | Hon. Fernando L. Aenlle-Rocha |
| v. POLARIS INDUSTRIES INC., et al., Defendants. | |

**JOINT STIPULATION TO STAY PROCEEDINGS PENDING MEDIATION**

Plaintiffs Paul Guzman and Francisco Berlanga ("Plaintiffs") and Defendants Polaris Industries Inc., Polaris Inc., and Polaris Sales Inc. ("Polaris") hereby respectfully request that the Court stay proceedings until September 30, 2026, pending the outcome of mediation and subsequent settlement negotiations:

WHEREAS, the Parties have diligently litigated these consolidated cases since their filing, including completing fact and expert discovery, finalizing the class notification process, briefing multiple rounds of summary judgment and class certification motions, and submitting supplemental authorities regarding summary judgment and class decertification motions, as set forth in the accompanying declaration of R. Allan Pixton;

WHEREAS, on January 3, 2025, Plaintiffs moved for partial summary judgment (Dkt. 247), and Polaris moved for summary judgment (Dkt. 248). On January 10, 2025, Polaris moved to decertify the class (Dkt. 252) (collectively, the "Pending Motions");

WHEREAS, on February 19, 2025, the Court took the Pending Motions under submission (Dkt. 280) and vacated the Final Pretrial Conference and Trial, to be reset upon the Court's decision of the Pending Motions (Dkt. 281). On February 19, 2025, the Court approved the Parties' joint stipulation to vacate the deadlines for the first and second round of trial filings (*see* Dkt. 231 at 3), to be reset upon the Court's decision of the Pending Motions (Dt. 284);

WHEREAS, since the filing of the Pending Motions and the Court's orders vacating the trial deadlines, the Parties have continued diligently litigating this case, including  filing supplemental authorities on issues raised by the pending summary judgment and decertification motions, including Plaintiffs' filings of supplemental authorities on August 20, 2025 (Dkt. 295) and April 20, 2026 (Dkt. 300), and Polaris's filings of supplemental authorities on September 19, 2025 (Dkt. 297) and January 23, 2026 (Dkt. 299);

WHEREAS, the Parties have agreed to mediate on July 29, 2026, through Seth Aronson of Phillips ADR Enterprises, P.C. If the parties cannot reach settlement before the mediator, the Parties plan to use the mediation discussions to facilitate further settlement negotiations. The Parties expect that these negotiations will last approximately two months, through September 2026;

WHEREAS, this Court has "the power to stay ongoing proceedings 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Cuadras v. MetroPCS Wireless, Inc.*, 2011 WL 227591, *1 (C.D. Cal. Jan. 21, 2011) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936));

WHEREAS, when determining if a stay is appropriate, courts consider: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer [if the case is allowed] to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Peck v. Cnty. of Orange,* 528 F. Supp. 3d 1100, 1106 (C.D. Cal. 2021) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

WHEREAS, the first factor favors a stay because any "possible damage which may result from the granting of a stay here is minimal in light of the parties' agreement embodied in their stipulation," *Bee v. ATP Tour, Inc.*, 2026 WL 1726870, *1 (E.D. Cal. June 15, 2026), and given the brief length of the requested stay (less than three months). *See, e.g.*, *Kalajian v. Rite Aid Corp.*, 2018 WL 6262852, *2 (C.D. Cal. Mar. 7, 2018) (finding minimal risk of "harm to the merits of the claim or any loss of evidence," "given the short, six-month stay");

WHEREAS, the second factor favors a stay because the stay would potentially prevent the Parties from expending unnecessary time and resources, preserve judicial resources, and allow the Parties to "direct their resources and

---

**JOINT STIPULATION TO STAY PROCEEDINGS PENDING MEDIATION**
– 2 –

attention to mediation." *Haley v. MWI Veterinary Supply Co.*, 2024 WL 3088707, at *1 (E.D. Cal. June 20, 2024);

WHEREAS, the third factor favors a stay because "staying the case will likely help simplify the issues, as the parties may be able to resolve such issues during the anticipated mediation." *Rivera v. Osmose Utilities Servs., Inc.*, 2026 WL 209480, at *1 (E.D. Cal. Jan. 27, 2026);

WHEREAS, the Parties agree that the stay would facilitate mediation and settlement negotiations and that "(1) little to no damage will result from the stay, (2) no parties will suffer inequity as a result of the stay, and (3) the orderly course of justice measured in terms of simplifying issues warrants granting the stay." *Wilcox v. C.R. Bard, Inc.*, 2020 WL 8642148, at *2 (S.D. Cal. Nov. 30, 2020) (staying case "[g]iven the length of the stay is only ninety (90) days, the purpose of the stay is to facilitate settlement, and neither party opposes the stay");

WHEREAS, the Parties agree to provide a joint status report concerning their mediation and settlement negotiations no later than September 30, 2026;

NOW THEREFORE, the Parties request proceedings in this matter be stayed until September 30, 2026.

Dated:  July 10, 2026

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.
DREYER BABICH BUCCOLA WOOD
CAMPORA, LLC**


*/s/ Todd. M. Friedman*
Adrian S. Bacon
Todd M. Friedman
Christopher W. Wood
***Attorneys for Plaintiffs and The Class***

Dated:  July 10, 2026

/s/ R. Allan Pixton

Richard Godfrey (*pro hac vice*)
richardgodfrey@quinnemanuel.com
R. Allan Pixton (*pro hac vice*)
allanpixton@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Dr, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Andrew B. Bloomer, P.C. (*pro hac vice*)
andrew.bloomer@kirkland.com
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

David A. Klein (SBN 273925)
david.klein@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
Telephone: (310) 552-4200
Facsimile: (310) 552-5900

*Attorneys for Defendants Polaris Industries Inc.,
Polaris Sales Inc., and Polaris Inc.*

JOINT STIPULATION TO STAY PROCEEDINGS PENDING MEDIATION
– 5 –

## LOCAL RULE 5-4.3.4(a)(2)(i) ATTESTATION

In compliance with L.R. 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ R. Allan Pixton*
R. Allan Pixton

## CERTIFICATE OF SERVICE

Filed electronically on this 10th day of July 2026, with:

United Stated District Court CM/ECF system

Notification sent electronically via the Court's ECF system to:

Honorable Fernando L. Aenlle-Rocha
United States District Court
Central District of California

And All Counsel of Record As Recorded On The Electronic Service List.

This 10th day of July 2026.

*/s/ R. Allan Pixton*

R. Allan Pixton