UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL GUZMAN, *et al.*,<br><br>          Plaintiffs,<br><br>     v.<br><br>POLARIS INDUSTRIES, INC., *et al.*,<br><br>          Defendants. | Case No. 8:19-cv-01543-FLA (KESx)<br><br>**ORDER DENYING STIPULATION TO STAY PROCEEDINGS PENDING MEDIATION [DKT. 302]** |

On July 10, 2026, Plaintiffs Paul Guzman and Francisco Berlanga and Defendants Polaris Industries Inc., Polaris Inc., and Polaris Sales Inc. (collectively, the "Parties") filed a Stipulation to Stay Proceedings Pending Mediation ("Stipulation"). Dkt. 302.  The Parties request to stay proceedings pending mediation until September 30, 2026.  *Id*. at 4.[1]

---

[1] The court cites documents by the page numbers added by the court's CM/ECF system, rather than any page numbers that appear within the documents natively.

1

A district court has discretionary authority to stay proceedings. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The court "may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). In considering whether to grant a stay, courts consider several factors, including "the possible damage which may result," "the hardship or inequity which a party may suffer in being required to go forward," and "the orderly course of justice[.]" *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

The possibility of settlement at mediation does not warrant staying the case until September 30, 2026. Mediation is a non-binding method of dispute resolution that seeks to help litigants voluntarily reach their own agreement. There is no guarantee—despite the parties' good intentions—that this action will be resolved by September 30, 2026. In the interim, the interests of justice and efficiency will be undermined.

The court, having considered the Stipulation and finding a lack of good cause, hereby DENIES the Stipulation.

IT IS SO ORDERED.

Dated: July 15, 2026

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge